STATE, EX REL. GUSTAVE BRENNERT ET AL., v. GEORGE H. FARRIER, COLLECTOR OF THE COUNTY OF HUDSON.

1. An assessement for benefits under the act to improve Paterson avenue (*Pamph. L.* 1869, *p.* 1080,) will not bear interest until notice be given of the amount and the time of payment, under section 15 of that act, and default be made.
2. An assessment for public improvements carries no interest unless imposed by statute, and when given in form of a penalty for default, must not be left to doubtful construction or extended beyond the terms of the act.

On rule to show cause why a writ of *mandamus* should not issue, directed to George H. Farrier, county collector of Hudson county, to receive and discharge an assessment against Gustave Brennert for grading, paving, flagging, &c., Paterson avenue and Secaucus road.

Argued at November Term, 1884, before Justices DEPUE and SCUDDER.

For the relator, *Herbert Stout.*

For the respondent, *J. H. Lippincott.*

The opinion of the court was delivered by

SCUDDER, J.  The prosecutor Gustave Brennert is the owner of lands upon which an assessment of $10, for grading,

paving, flagging, &c., of Paterson avenue and Secaucus road, was made, levied and imposed by the commissioners of assessment under and by virtue of the provisions of an act of the legislature of this state entitled "An act to improve Paterson avenue from the westerly line of the Paterson plank-road to the Secaucus road, and the Secaucus road from Paterson avenue to Pen Horne creek, in the county of Hudson," approved April 1st, 1869, and the supplements thereto.    The assessment was made and filed by the commissioners, according to law, May 19th, 1876, and confirmed by the Court of Common Pleas of Hudson county March 16th, 1878.    On May 31st, 1884, the prosecutor Brennert tendered to the respondent, George H. Farrier, who is county collector and *ex-officio* treasurer of the commissioners of assessments, the principal sum assessed, which the collector refused to accept, claiming that interest should be added.    This writ of *mandamus* is applied for to compel the collector to receive this principal sum, without interest, and discharge the assessment.

The amount involved is small, as it affects the prosecutor, but the entire assessment confirmed by the court amounted to $131,968.78.    Of this sum, $58,861.11 was assessed against and has been paid by the county of Hudson.    The balance consists of individual assessments, many of which have not been paid.    The collection of these assessments has been delayed by writs of *certiorari* prosecuted by the board of chosen freeholders of the county of Hudson; and by many persons assessed for benefits, against the commissioners of assessments, which were brought before the time had expired within which the treasurer was required to serve notices on the parties assessed. *State, Freeholders of Hudson, pros., v. Road Com'rs*, 12 *Vroom* 83 ; *State, Freeholders of Hudson, pros., v. Hudson Common Pleas*, 13 *Vroom* 608 ; *Road Com'rs v. Kingsland*, 15 *Vroom* 567.    The prosecutor Brennert did not sue out a writ of *certiorari*, but awaited the action of the courts and of the commissioners.    At November Term, 1882, of this court, the treasurer of the commissioners was directed to proceed and collect the assessments, and on March 17th, 1884, the com-

missioners directed their treasurer, the respondent, who is collector of the county, to proceed and collect the assessments according to law. Notices were sent by him to persons assessed that the assessments must be paid by July 15th next, or the property against which the assessments were laid would be advertised and sold to pay them. Upon receipt of this notice the prosecutor tendered the principal sum and demanded his receipt and discharge.

The board of chosen freeholders resisted an assessment for interest on the share of these improvement expenses apportioned to them under the act of 1875, (*Pamph. L., p.* 519, § 1,) and it was decided in *Road Com'rs* v. *Kingsland, supra,* that they could not be assessed for interest because the act had not authorized it. This judgment was affirmed in the Court of Errors and Appeals. 16 *Vroom* 173. The principles enunciated in the opinions are applicable to this case. The distinction between an interest-bearing debt and a tax or impost for public purposes is clearly defined, and the conclusion that a tax, as such, carries no interest unless imposed by statute is reached principally on the authority of *City of Camden* v. *Allen,* 2 *Dutcher* 398. Whether the relator is chargeable with interest on the assessment must therefore depend on the construction of the act creating the charge against him. This act, (*Pamph. L.* 1869, *p.* 1080,) after providing for the improvement, the assessment, and confirmation by the Court of Common Pleas, enacts (section 15) " that it shall be the duty of the treasurer, within thirty days after the confirmation of said assessment by the said Court of Common Pleas, as provided for by this act, to notify all persons assessed of the amount of their assessment and the time in which the same shall be paid ; and whenever any such assessment on any lot or parcel of land shall remain unpaid by the owner or owners thereof for sixty days after the confirmation thereof by the court, it shall be lawful for the said treasurer to charge, receive and collect, in addition to the amount of said assessment, interest thereon, to be computed at the rate of twelve

per centum per annum, from the time of confirmation of the said assessment until the same is paid."

The claim on the part of the commissioners is that the assessment carries interest, at the rate of seven per cent., from the time of making and filing the report of the assessment, (May 19th, 1876,) to the time of the confirmation, (May 16th, 1878,) and for sixty days beyond that time, if paid within sixty days. It is manifest that by this section 15 there is no charge of interest allowed before the assessment is fixed by the confirmation of the court. After the confirmation of the assessment, within thirty days, notice by the treasurer of the amount of the assessment and the time when payable shall be given to all persons assessed. Assuming this to have been done, that notice has been given how much and when to pay, then if the assessment is unpaid for sixty days after confirmation, the penalty of twelve per cent. from the the time of confirmation may be imposed. The section is cumulative and not separable in its terms to reach the penalty. We can only enforce the penalty in this case by rejecting the first clause in the section, and holding that where payment is not made in sixty days after confirmation, whether there has or has not been notice given, the penalty shall be imposed. Why, then, shall notice be given of the amount and a time named for payment? Must not the construction be that if, after such notice be given and the time named, the person assessed is slow or contumacious for sixty days after confirmation, he shall pay the penalty of twelve per cent?

Where the prescribed notice has not been given, as appears in this case, there can be no penalty, for its imposition is always a matter of strict construction. This section contains the only charge made in this act of interest to be paid by persons assessed for benefits.

But it is argued that interest must be intended to be paid on assessments by the terms of section 16, to meet the interest accruing on the commissioners' certificates of indebtedness. These certificates were to be issued by the commissioners, payable by the treasurer out of the moneys collected by him

Murphy v. Trenton.

for any improvement, and bearing interest from the date of their issue, at the rate of seven per cent. per annum. The inference sought to be drawn from this section is that interest must be payable on assessments from the date of assessment or confirmation to meet the interest on these certificates, which bear interest from the date of their issue. If the certificates should be issued before the assessment and confirmation, the interest on the assessments would be too little; if after the assessment and confirmation, there would be too much interest. If, however, a penalty were imposed for tardy payments, a fund might be provided for accruing interest. There is not sufficient certainty in this form of legislation to impose a burden of interest on the parties assessed for benefits, or on their lands. It should not be left to such doubtful construction.

The supplement of 1871, (*Pamph. L., p.* 1000, § 11,) is like section 16 of the original act in providing certificates of indebtedness for additional improvement, bearing interest, but makes no express provision for payment by adding interest to the assessments, or in any other way except by the penalty above named.

Let a peremptory *mandamus* be issued.